**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JEFFREY SCHLESINGER**
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JAMES EUBANKS, JR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1105-CR-212 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Salvador Vasquez, Judge
Cause No. 45G01-1011-FB-108

**January 31, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

James Eubanks, Jr., appeals his sentence for Class B felony burglary. We affirm.

**Issues**

Eubanks raises two issues, which we restate as:

I.      whether the trial court abused its discretion in sentencing him; and

II.     whether his sentence is inappropriate in light of the nature of the offense and the character of the offender.

**Facts**

On October 30, 2010, a fire damaged the residence of Andrea Fraze and her family in Hammond. The Fraze family had to move out for a few days, and the residence was boarded up. On the early morning of November 1, 2010, Fraze's neighbor heard pounding coming from the boarded up house and called police. Officers found Eubanks in the residence and saw that copper pipes had been cut and were stacked near the back door. When he was arrested, Eubanks also had Fraze's jewelry in his pocket. Eubanks told the officers, "I knew that the house had had a fire. I was just going in there to get the copper. I figured the insurance would cover it. I wasn't trying to hurt nobody." Tr. p. 42.

The State charged Eubanks with Class B felony burglary, and a jury found him guilty as charged. At the sentencing hearing, the trial court found Eubanks's criminal history to be an aggravator and found no mitigators. The trial court sentenced Eubanks to nine years in the Department of Correction with the last three years in community corrections.

2

**Analysis**

**I. *Abuse of Discretion***

Eubanks argues that the trial court abused its discretion by failing to consider certain proposed mitigators. Sentencing decisions are within the sound discretion of the trial court. Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), clarified on reh'g, 875 N.E.2d 218. However, a trial court may be found to have abused its sentencing discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that explains reasons for imposing a sentence where the record does not support the reasons; (3) entering a sentencing statement that omits reasons that are clearly supported by the record and advanced for consideration; and (4) entering a sentencing statement in which the reasons given are improper as a matter of law. Id. at 490–91. The reasons or omission of reasons given for choosing a sentence are reviewable on appeal for an abuse of discretion. Id. The weight given to those reasons, i.e. to particular aggravators or mitigators, is not subject to appellate review. Id.

According to Eubanks, the trial court failed to consider his homelessness and mental illnesses as mitigators. Our supreme court has identified four factors "that bear on the weight, if any, that should be given to mental illness in sentencing." Weeks v. State, 697 N.E.2d 28, 30 (Ind. 1998). Those factors are: (1) the extent of the defendant's inability to control his or her behavior due to the disorder or impairment; (2) overall limitations on functioning; (3) the duration of the mental illness; and (4) the extent of any nexus between the disorder or impairment and the commission of the crime. Id.

3

Eubanks's counsel argued at sentencing that Eubanks had schizophrenia, a bipolar disorder, and suicidal tendencies. Eubanks admitted that his family wanted him to seek treatment, but he refused. His counsel contended that Eubanks is more lucid when he is taking his medication. Eubanks presented no evidence as to the severity of his mental illnesses, his ability to control his behavior, limitations on his functioning, or the extent of a nexus between his mental illness and the commission of the crime.

Moreover, while the trial court did not identify Eubanks's homelessness and mental illnesses as mitigators, it did mention both proposed mitigators in its sentencing statement. The trial court noted that Eubanks had not sought help for his mental health issues. Instead, Eubanks had been treating his mental illnesses with alcohol and drugs. The trial court noted that Eubanks had been "jumping from house to house or state to state . . . kind of roaming around and looking for [his] next meal." Tr. p. 115. The trial court noted that the "system" could only help Eubanks so much and that he needed to seek treatment. Id. Thus, the trial court did, in fact, consider Eubanks's proposed mitigators, but it rejected them. Given the lack of evidence regarding Eubanks's mental illnesses and the trial court's statements during sentencing, we cannot say that the trial court abused its discretion by failing to identify Eubanks's homelessness or mental illnesses as mitigators.

## II. Inappropriate Sentence

Eubanks argues that his sentence is inappropriate in light of the nature of the offenses and the character of the offender. Indiana Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's

4

decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. When considering whether a sentence is inappropriate, we need not be "extremely" deferential to a trial court's sentencing decision. Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). Still, we must give due consideration to that decision. Id. We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. Id. Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." Id. When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. Davidson v. State, 926 N.E.2d 1023, 1025 (Ind. 2010).

The nature of the offense is that Eubanks broke into the Fraze family's residence shortly after a fire occurred there. Eubanks attempted to take jewelry and copper pipes. Eubanks claims that the nature of the offense is less serious than a typical burglary because no one was occupying the house when he entered it.

5

A review of the character of the offender reveals that Eubanks has a substantial criminal history of similar offenses. Twenty-six-year-old Eubanks has multiple misdemeanor convictions, including convictions for criminal trespass, conversion, criminal mischief, underage drinking, operating a vehicle while under the influence, and resisting law enforcement. He also has two felony convictions for theft and one for burglary. He was on probation at the time of this offense. Eubanks claims to have been diagnosed with schizophrenia and bipolar disorder, but he refused to take his medication and refused offers of help from his family.

The sentence for a Class B felony ranges from six to twenty years with an advisory sentence of ten years. Ind. Code § 35-50-2-5. We note that, at the sentencing hearing, Eubanks asked for a sentence of between six and ten years with community transitions at the end of the sentence. Tr. p. 109. The State asked for a sentence of ten years. The trial court ordered that Eubanks serve nine years in the Department of Correction with the last three years in community corrections, which falls within the range of sentence that Eubanks requested. Despite Eubanks's claimed mental illnesses, given his criminal history and his requested sentence, we conclude that the sentence imposed by the trial court is not inappropriate in light of the nature of the offense and the character of the offender.

## Conclusion

The trial court did not abuse its discretion in sentencing Eubanks, and the sentence is not inappropriate in light of the nature of the offense and the character of the offender. We affirm.

Affirmed.

KIRSCH, J., and BRADFORD, J., concur.